UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE OSO GROUP, LTD, a California Corporation, | ) ) ) | No. 09-1906 SC |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| v. | ) ) | |
| BULLOCK & ASSOCIATES, INC., SERVICE EMPLOYEES INTERNATIONAL UNION, CTW/CLC, and DOES 1 through 100, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**I.   INTRODUCTION**

Now before the Court is a motion by Service Employees International Union, CTW/CLC ("SEIU"), to dismiss this action for lack of subject matter jurisdiction.  Docket No. 7 ("Motion"). Plaintiff, The Oso Group ("Oso" or "Plaintiff"), has submitted an Opposition, and SEIU has submitted a Reply.  Docket Nos. 13, 16. The parties have stipulated to the briefing schedule for this motion.  Docket No. 12.  The briefs have been submitted and the time for briefing has expired.  Having considered the papers submitted by both parties, the Court GRANTS SEIU's Motion.

**II.   BACKGROUND**

Oso has brought this suit alleging various contract- and fraud-related state law claims against Defendants Bullock &

Associates, Inc., ("Bullock") and SEIU. See Compl., Docket No. 1. Oso is a corporation incorporated in, and with its principal place of business located in, California. Id. ¶ 7. Oso provides "investigative, security, surveillance, intelligence and counter-intelligence, operations," and other services to its clients. Id. Defendant Bullock is a corporation incorporated under the laws of Delaware, with its principal place of business in Washington, D.C. Id. ¶ 8. It provides investigative and protection services to its clients. Id. Defendant SEIU is an unincorporated association and labor organization that is headquartered in Washington, D.C. First Fitzpatrick Decl. ¶ 3.[1] SEIU has numerous members that reside in California. Id. ¶ 4.

Oso alleges that during the first two months of 2009, SEIU was attempting to implement a trusteeship over one of its local union affiliates, SEIU United Healthcare Workers-West ("UHW"). Compl. ¶ 2. UHW was actively resisting the trusteeship, and SEIU, working with and apparently through Bullock, entered into a contract with Oso to provide services while the trusteeship was being implemented, to assist SEIU "with the security and surveillance of a number of facilities in California." Id. ¶ 22. According to Oso, SEIU acted "by and through its internal international Executive Board" ("IEB"), and its Executive President, when it hired and retained Oso. Opp'n at 2.

SEIU claims that this Court lacks subject matter jurisdiction

---

[1] Deirdre Fitzpatrick ("Fitzpatrick"), Associate General Counsel for SEIU, submitted two declarations -- one in support of the Motion, Docket No. 8 ("First Fitzpatrick Decl.") and one in support of the Reply, Docket No. 17 ("Second Fitzpatrick Decl.").

2

over the action. See Mot at 3-5. Oso brought this suit based on diversity jurisdiction under 28 U.S.C. § 1332(a). Compl. ¶ 12. SEIU claims that the suit lacks complete diversity, because SEIU, as an unincorporated association with hundreds of individual members residing in the state of California, is a citizen of California for diversity purposes. Mot at 1.

### III.  LEGAL STANDARD

When a defendant submits a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Plaintiff bears the burden of establishing the propriety of the court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the defendant challenges the basis of jurisdiction as alleged in the complaint; however, in a factual attack, the defendant may submit, and the court may consider, extrinsic evidence to address factual disputes as necessary to resolve the issue of jurisdiction. Id. No presumption of truthfulness attaches to the plaintiff's jurisdictional claims. See Thornhill Pub. Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

### IV.  DISCUSSION

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp.,

3

385 F.3d 1177, 1181 (9th Cir. 2004). It is well settled that unincorporated associations, such as labor unions or partnerships, are not generally regarded as distinct entities for the purpose of determining diversity jurisdiction. As such, the citizenship of unincorporated unions must be determined by the citizenship of its members. See United Steelworkers v. R.H. Bouligny, Inc., 382 U.S. 145, 149-50 (1965); see also Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (applying rule to unincorporated partnership). SEIU is an unincorporated association, and it has presented evidence that it has "numerous" individual members who reside in California. First Fitzpatrick Decl. ¶¶ 3-4. Oso has not contested either of these facts.[2] SEIU is therefore a citizen of California (as well as of all other states in which its members reside). Because Oso is also admittedly a citizen of California for the purpose of determining diversity jurisdiction, see Compl. ¶ 7; Opp'n at 16, there is not complete diversity between Oso and Defendants in this suit, so long as SEIU remains a defendant.

Rather than attempt to establish that there is diversity between Oso and SEIU, Oso now claims that the "real party at interest" is not SEIU per se, but rather the IEB. See Opp'n at 16-17. It claims that the suit "originates from[] the independent conduct of the International Executive Board in perfecting and

---

[2] In Oso's Complaint, it claimed that SEIU is a "non-profit corporation incorporated in the State of Illinois." Compl. ¶ 9. However, Oso has not attempted to support this claim in its Opposition, and the Court finds the affidavit submitted by SEIU's Associate General Counsel, First Fitzpatrick Decl. ¶¶ 2-3, to be dispositive on this point.

4

1 implementing the UHW Trusteeship in exercise of the powers granted
2 the Board under the SEIU Constitution, rather [than] the conduct
3 of the International Union acting in its representational capacity
4 on behalf of its membership." Id. at 17.  Oso cites Navarro Sav.
5 & Loan Ass'n v. Lee, 446 U.S. 458, 460-61 (1980), for the
6 proposition that "a federal court must disregard nominal or formal
7 parties and rest jurisdiction only upon the citizenship of real
8 parties to the controversy." Opp'n at 16.  It also cites several
9 cases in which courts have determined diversity on the basis of a
10 union's local affiliate, as opposed to its umbrella international
11 counterpart, United Food & Commercial Workers Union, Local 919,
12 AFL-CIO v. CenterMark Properties Meridian Square, Inc., 30 F.3d
13 298 (2nd Cir. 1994); Loss v. Blankernship, 673 F.2d 942, 949 (7th
14 Cir. 1982), presumably for the proposition that it would be proper
15 for this Court to sever the IEB from the broader International
16 Union as a whole, and consider citizenship only on the basis of
17 the members of the IEB.  Opp'n at 15-16.
18      This Court is not convinced that there is a sufficient legal
19 basis for a suit against the IEB, independently from SEIU.  Oso
20 cites no legal authority to support its claim that a union's
21 governing body may be separated from the broader union.  It
22 provides no basis for concluding that IEB is legally distinct from
23 SEIU, or that it can bring suit or be sued independently from
24 SEIU.  Indeed, SEIU has claimed by affidavit that the IEB has no
25 authority to enter into contracts in its own name, and has no
26 funding independently of SEIU.  Second Fitzpatrick Decl. ¶ 5.  In
27 addition, the IEB is unlike a local union branch, in that its

5

purpose is to conduct the business of the international union. See Request for Judicial Notice ("RJN"), Docket No. 15, Ex. 1 ("SEIU Constitution & Bylaws") Article XI, § 1;[3] Second Fitzpatrick Decl. ¶ 5.  The fact that Courts sometimes distinguish between unions at the local and international level is therefore inapposite.  Oso may have established that, if this suit proceeded to the merits, many factual questions would turn on the actions and conduct of the IEB and its members.  However, it has not shown that the IEB is the "real party in interest" to the exclusion of SEIU, or that SEIU's membership is irrelevant to the question of diversity jurisdiction.

Even assuming that the IEB is the real party in interest, SEIU has submitted evidence that would prevent this Court from finding that diversity jurisdiction existed.  According to this approach, IEB would itself be an unincorporated association (or rather, an unincorporated association within an unincorporated association).  Its citizenship would therefore be determined

---

[3] Oso has requested that the Court take judicial notice of the SEIU Constitution & Bylaws.  See RJN.  The Court may take judicial notice of facts "not subject to reasonable dispute" that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. § 201(b).  Oso further requests that this Court notice a complaint filed by SEIU in a separate suit and a law review article.  The Court may take judicial notice of filings in other courts.  See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).  The Court therefore GRANTS Oso's RJN with respect to the SEIU Constitution & Bylaws and the SEIU complaint, but DENIES the RJN with respect to the law review article.  The Court may consider the law review article submitted as support for a party's legal theory without taking judicial notice of the article.  C.f. Emery v. Hunt, 236 F. Supp. 2d 1033, 1041 (D.S.D. 2002) ("Judges do not take 'judicial notice' of federal laws, domestic session laws, domestic statutes, law review articles, or similar legal authorities.").

according to the citizenship of its members. IEB has a total of seventy-eight members from various geographical regions, including eight individuals who are residents and citizens of California. Second Fitzpatrick Decl. ¶¶ 3-4. Consequently, even in a suit between Oso and the IEB, there would not be complete diversity between the parties, and this Court would not have jurisdiction over the dispute.

The Court declines to grant Oso's request to retain jurisdiction for discovery related to subject matter jurisdiction. Oso has not explained what it expects to discover, or what could allow it to establish that the IEB is distinct from SEIU such that it could be the "real party in interest." Even if it could establish this, SEIU has proven to the satisfaction of this Court that there would still be no diversity between the parties because several IEB members reside in California. Id. The requested discovery therefore has no likely utility. See Rattlesnake Coalition v. Envtl. Prot. Agency, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007) (finding no need for jurisdictional discovery where plaintiffs had failed to provide support for its jurisdictional arguments); Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." (quoting Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995))).

7

**V.    CONCLUSION**

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over this dispute.  The Court therefore GRANTS SEIU's Motion.  This suit is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

August 6, 2009

_____
UNITED STATES DISTRICT JUDGE

8